UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| QUINTIN JAMAR MAYWEATHER-BROWN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | CAUSE NO. 3:15-CV-031 PS |
| vs. | ) |  |
|  | ) |  |
| RAY COOLEY-BRIDGES, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**OPINION AND ORDER**

Quintin Jamar Mayweather-Brown, a *pro se* prisoner, filed a vague amended complaint under 42 U.S.C. § 1983. (DE 7.) I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603.. Nevertheless, I must bear in mind that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

To start, Mayweather-Brown alleges that while incarcerated at the Elkhart County Jail, he was served with a Class C felony warrant for being a prisoner in possession of a

dangerous device. This warrant was supported by an affidavit from Officer Ray Cooley-Bridges, which set out that Mayweather-Brown possessed a knife and that Officer Cooley-Bridges had to call additional officers to take it away from him. Mayweather-Brown asserts that Officer Cooley-Bridges lied in that affidavit and that the lies were confirmed by a video of the incident. However, Ray Harvey, an Elkhart County corrections investigator, threw the videotape away so that he could pursue the prosecution of Mayweather-Brown.

To the extent Mayweather-Brown claims Officer Cooley-Bridges or Investigator Harvey did something improper that resulted in him being convicted of a crime, that would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id*. at 486-87. In other words, a Section 1983 claim is not cognizable when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. at 487. Unless his conviction is vacated or otherwise invalidated, he cannot seek damages for any alleged wrongful conviction or false imprisonment. As such, he cannot proceed on these claims.[1]

---

[1] Even if the felony charge is still pending, he would be precluded from bringing this claim at this time. *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 898, n. 8 (7th Cir. 2001)(interpreting Heck as barring damage claims which, if successful, would necessarily imply the invalidity of a pending criminal charge).

Next, without much detail, Mayweather-Brown alleges that Officer Cooley-Bridges and Officer Alex Garcia used excessive force against him. Mayweather-Brown was a pretrial detainee when these events occurred, so was protected from excessive force under the Fourteenth Amendment. "Although the Eighth Amendment applies only to convicted persons, pretrial detainees . . . are entitled to the same basic protections under the Fourteenth Amendment's due process clause. Accordingly, [courts] apply the same legal standards to deliberate indifference claims brought under either the Eighth or Fourteenth Amendment." *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.*

I cannot weigh these factors here due to the gaps in Mayweather-Brown's account. He states that Officer Cooley-Bridges "made unnecessary contact" with him by "manipulating my head and neck". (DE 7 at 4.) And, he alleges Officer Garcia's "palm struck me in the face." (Id.) It appears that he brings suit against these officers because he was injured by their actions. However, merely being injured by an officer does not state a claim for excessive force. *Hendrickson*, 589 F.3d at 473. He does not explain what transpired between him and these officers that led to the officers' use of force. He does not

3

address whether the officer's use of force was necessary or legitimate and why. Nor does he describe the extent of his injuries. Without more information about the circumstances surrounding his interactions with Officers Cooley-Bridges and Garcia, I cannot determine whether he states a plausible excessive force claim.

Next, Mayweather-Brown alleges Tina Kiems created false documents in retaliation for him exercising his First Amendment right. (DE 7 at 4.) A prisoner can state a First Amendment retaliation claim by alleging that he engaged in protected activity, that he suffered retaliation as a result, and that the defendant retaliated in a manner likely to deter future First Amendment activity. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). It is sufficient that the inmate allege a chronology of events from which retaliation can be inferred. *Johnson v. Stovall*, 233 F.3d 486, 489 (7th Cir. 2000).

While Mayweather-Brown mentions that he was retaliated against for invoking his First Amendment rights, his allegations are again too vague for me to determine whether he states a plausible claim. He does not state what documents Tina Kiems allegedly falsified, how she falsified them, when she falsified them, or how those documents resulted in causing him any harm. Without these details, I cannot determine whether he states a plausible First Amendment claim.

When a complaint is vague or lacking in necessary detail, the district court is "within its rights" to dismiss the complaint with leave to replead. *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). Accordingly, the Court will strike the complaint and afford Mayweather-Brown an opportunity to file an amended complaint that sets forth his claims

in sufficient detail. In the amended complaint, he must address the deficiencies raised in this order, and provide a factual basis for his claims against each defendant. He should explain in his own words what happened, where it happened, when it happened, and who was involved.

Additionally, Mayweather-Brown must provide two completed summons forms and one completed USM-285 form for each defendant. Without these documents, the U.S. Marshals Service cannot effect service in this case.

For these reasons, the court:

(1) **DIRECTS** the clerk to place this cause number on a blank prisoner Complaint 42 U.S.C. § 1983 form, and send them to the plaintiff along with 10 blank summons forms and 5 blank USM-285 forms;

(2) **GRANTS** the plaintiff to and including July 27, 2015, to file an amended complaint <u>and</u> return the summons and USM-285 forms properly completed for each defendant; and

(3) **CAUTIONS** him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current amended complaint does not state a claim for which relief can be granted.

**SO ORDERED**.

ENTERED: June 15, 2015  s/ Philip P. Simon
  Philip P. Simon, Chief Judge
  United States District Court

5